**NO. 24-1290**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

---

**PICTOMETRY INTERNATIONAL CORPORATION,**
**Appellant,**

**v.**

**NEARMAP US, INC.,**
**Appellee.**

---

# REPLY BRIEF OF APPELLANT

---

**Appeal from the U.S. Patent and Trademark Office**
**Patent Trial and Appeal Board in No. IPR2022-00733**

---


**HAYNES AND BOONE, LLP**

Debra J. McComas
2801 N. Harwood Street, Suite 2300
Dallas, TX 75201
Phone: (214) 651-5575

Jonathan R. Bowser
Adam L. Erickson
800 17th Street, NW, Suite 500
Washington, DC 20006
Phone: (202) 654-4503

Gregory P. Webb
6000 Headquarters Drive, Suite 200
Plano, TX 75024
Phone: (972) 739-8641

Laura N. Vu*
1 Post Street, Suite 2800
San Francisco, CA 94104
Phone: (415) 293-8930

**Admitted only to practice in District of Columbia and Maryland. Application to the California Bar is pending.*

**Attorneys for Appellant Pictometry International Corporation**

# CERTIFICATE OF INTEREST

**Case Number** 24-1290

**Short Case Caption** Pictometry International Corporation v. Nearmap US, Inc.

**Filing Party/Entity** Pictometry International Corporation

**Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box**. Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: September 10, 2024 Signature: */s/ Debra J. McComas*

Name: Debra J. McComas

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. |
| ___ None/Not Applicable | ___ None/Not Applicable | ___ None/Not Applicable |
| Pictometry International Corporation | Eagle View Technologies, Inc. | Eagle View Technology Corporation |

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

_X_ None/Not Applicable ___ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

___ None/Not Applicable ___ Additional pages attached

| | | |
|---|---|---|
| Eagle View Technologies, Inc. and Pictometry International Corp. v. Nearmap US, Inc., 2:21CV00283 (D. Utah) | Eagle View Technologies, Inc. and Pictometry International Corp. v. GAF Materials LLC, 2:22CV00215 (D. Utah) | Pictometry International Corp. v. Roofr, Inc., 1:21-cv-01852 (D. Del.) |
| Nearmap US, Inc. v. Eagle View Technologies, Inc., IPR2022-00734 (PTAB) | Nearmap US, Inc. v. Pictometry International Corp., IPR2022-00735 (PTAB) | |

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

_X_ None/Not Applicable ___ Additional pages attached

| | | |
|---|---|---|
| | | |

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST ..................................................................... i

TABLE OF CONTENTS ............................................................................ iii

TABLE OF AUTHORITIES .......................................................................iv

INTRODUCTION.........................................................................................1

REPLY ARGUMENT .................................................................................. 2

I. The Board's analysis is inadequate under the Administrative Procedure Act. ............................................................................ 2

A. The Board's analysis of claims 1 and 14 is inadequate and supports vacatur. .........................................................................3

B. The Board's inconsistent and inadequate analysis of the dependent claims further supports vacatur. .......................................10

II. The deficiencies in the Board's fact findings obstruct any substantial evidence review. .......................................................15

III. The Board incorrectly construed "providing visual access." ......................23

A. The claim language requires two image retrieval steps. .................... 24

1. The claims are ordinal and require two "providing visual access" steps. ............................................................ 24

2. Claim differentiation does not preclude "providing visual access" from including database access..........................25

B. The specification supports construing limitation [1.5] to require access and visual depiction..................................................26

C. The prosecution history of a related patent supports a construction including access and visual depiction............................29

CONCLUSION...........................................................................................31

CERTIFICATE OF COMPLIANCE ...............................................................33

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arendi S.A.R.L. v. Apple Inc.*,
832 F.3d 1355 (Fed. Cir. 2016) ....5

*Bot M8 LLC v. Sony Interactive Ent. LLC*,
66 F.4th 1380 (Fed. Cir. 2023) ....18, 19

*Bowman Transp., Inc. v. Ark.-Best Freight Sys., Inc.*
419 U.S. 281 (1974) ....2

*Corephotonics, Ltd. v. Apple Inc.*,
84 F.4th 990 (Fed. Cir. 2023) ....14

*Cutsforth, Inc. v. MotivePower, Inc.*,
636 F. App'x 575 (Fed. Cir. 2016) (non-precedential) ....6, 8

*Elekta Ltd. v. ZAP Surgical Sys., Inc.*,
81 F.4th 1368 (Fed. Cir. 2023) ....9, 10

*Emerson Elec. Co. v. SIPCO, LLC*,
745 F. App'x 369 (Fed. Cir. Aug. 29, 2018) (non-precedential) ....5

*Fleming v. Cirrus Design Corp.*,
28 F.4th 1214 (Fed. Cir. 2022) ....18, 19

*In re Fout*,
675 F.2d 297 (C.C.P.A. 1982) ....27

*GUI Glob. Prods., Ltd. v. Samsung Elecs. Co.*,
No. 2022-2156, 2024 WL 1564694 (Fed. Cir. Apr. 11, 2024) (non-precedential) ....7

*Homeland Housewares, LLC v. Whirlpool Corp.*,
865 F.3d 1372 (Fed. Cir. 2017) ....20, 22

*Icon Health & Fitness, Inc. v. Strava, Inc.*,
849 F.3d 1034 (Fed. Cir. 2017) ....5

*In re Killian*,
45 F.4th 1373 (Fed. Cir. 2022) .......................................................................... 13

*Medtronic, Inc. v. Teleflex Innovations S.a.r.l.*,
70 F.4th 1331 (Fed. Cir. 2023)..........................................................................7, 8

*In re Nuvasive, Inc.*,
842 F.3d 1376 (Fed. Cir. 2016) ..........................................................................*passim*

*Outdry Techs. Corp. v. Geox S.p.A.*,
859 F.3d 1364 (Fed. Cir. 2017) ..........................................................................7

*Pers. Web Techs., LLC v. Apple, Inc.*,
848 F.3d 987 (Fed. Cir. 2017) ..........................................................................3

*PGS Geophysical AS v. Iancu*,
891 F.3d 1354 (Fed. Cir. 2018) ..........................................................................7

*Phillips v. AWH Corp.*,
415 F.3d 1303 (Fed. Cir. 2005) ..........................................................................26, 29

*Power Integrations, Inc. v. Lee*,
797 F.3d 1318 (Fed. Cir. 2015)..........................................................................9, 14

*Rovalma, S.A. v. Bohler-Edelstahl GmbH & Co. KG*,
856 F.3d 1019 (Fed. Cir. 2017) ..........................................................................2, 3, 4

*TQ Delta, LLC v. CISCO Sys., Inc.*,
942 F.3d 1352 (Fed. Cir. 2019)..........................................................................20, 22

*In re Van Os*,
844 F.3d 1359 (Fed. Cir. 2017) ..........................................................................3, 4

*Wenger Mfg., Inc. v. Coating Mach. Sys., Inc.*,
239 F.3d 1225 (Fed. Cir. 2001)..........................................................................25

*Yeda Rsch. v. Mylan Pharms. Inc.*,
906 F.3d 1031 (Fed. Cir. 2018)..........................................................................7

## INTRODUCTION

As described in Pictometry's opening brief, the Board's Final Written Decision ("Decision") is based on inadequately reasoned and inconsistent analyses that fall short of the minimum standards under the Administrative Procedure Act ("APA") necessary to allow for adequate appellate review. In its response, Nearmap jumps over these deficiencies, urging the Court to look the other way as it attempts to fill in explanations where none are present in the Decision itself. But this Court is not free to substitute its own (or the Patent Owner's) reasoning for that of the Board. Here, the gaps and inconsistencies in the Board's reasoning leave Pictometry without an adequate record upon which to challenge the Board's Decision on appeal. Under these circumstances, vacatur and remand is warranted for a proper analysis.

In addition, the Board incorrectly construed the limitation "providing visual access to one or more oblique images of an aerial imagery database corresponding to location coordinates of the final location." The correct construction—as supported by the plain language of the claims, specification, and prosecution history of a related patent—is "accessing an aerial imagery database to retrieve the one or more oblique images corresponding to location coordinates of the user-accepted final location and displaying the one or more oblique images retrieved from the aerial imagery database." Under the correct construction, substantial evidence does not support a

finding that the prior art discloses the "providing visual access" limitation. The Court should additionally vacate and remand for further proceedings consistent with the appropriate claim construction.

## REPLY ARGUMENT

### I. The Board's analysis is inadequate under the Administrative Procedure Act.

As explained in Pictometry's opening brief, Opening Br. 21–27, this Court's precedent is clear: "it is not adequate [for the Board] to summarize and reject arguments without explaining why" it is doing so. *In re Nuvasive*, *Inc.*, 842 F.3d 1376, 1383 (Fed. Cir. 2016). And this Court "may not supply a reasoned basis for the agency's action that the agency itself has not given." *Bowman Transp., Inc. v. Ark.-Best Freight Sys., Inc.* 419 U.S. 281, 285–86 (1974). Instead, the Board must "set forth a sufficiently detailed explanation of its determinations both to enable meaningful judicial review and to prevent judicial intrusion on agency authority." *Rovalma, S.A. v. Bohler-Edelstahl GmbH & Co. KG*, 856 F.3d 1019, 1024 (Fed. Cir. 2017). This is particularly true where, as here, the lack of explanation results in uncertainty as to the basis for the finding of a motivation to combine prior art references. *See id.* at 1025–26 (finding lack of adequate explanation as to "why a person of ordinary skill in the art would have been motivated to increase the thermal conductivities of the steels disclosed in the prior art"). Applying these authorities to the conclusory and

internally inconsistent Decision in this case calls for vacatur and remand for the Board to adequately explain its reasoning.

### A. The Board's analysis of claims 1 and 14 is inadequate and supports vacatur.

In addressing a motivation to combine the references, the Board summarized Nearmap's arguments. *See* Opening Br. 24 (quoting Appx12–13 (FWD)). It also summarized and rejected Pictometry's arguments. Opening Br. 24–25 (quoting Appx13 (FWD)). But the Board failed to explain the basis for finding a motivation to combine Nearmap's proposed prior-art combination. *See* Opening Br. 25 (citing Appx13 (FWD)). Instead, the Board just concluded that a motivation would have existed. Appx13 (FWD). As this Court has repeatedly held in similar circumstances, "these deficiencies call for a vacatur and remand for further explanation from the Board." *Rovalma*, 856 F.3d at 1026 (citing *Icon Health & Fitness, Inc. v. Strava, Inc.*, 849 F.3d 1034, 1044 (Fed. Cir. 2017)); *see In re Van Os*, 844 F.3d 1359, 1360–62 (Fed. Cir. 2017); *Pers. Web Techs., LLC v. Apple, Inc.*, 848 F.3d 987, 991–94 (Fed. Cir. 2017); and *Nuvasive*, 842 F.3d at 1382–85.

Indeed, in cases with more analysis than is present in this case, this Court has found inadequate explanation to allow proper appellate review. In *Rovalma*, for instance, the Board was asked to consider whether claimed methods for making steel with certain desired thermal conductivities would have been obvious in view of

certain prior art references. 856 F.3d at 1021. The Board found that the prior art references disclosed "the desirability of steels having high thermal conductivity" and concluded that a person of ordinary skill "would have had reason to increase the thermal conductivity of these compositions." *Id.* at 1025. But the Board did not cite to specific evidence or otherwise explain *why* the general desirability of high thermal conductivities would have motivated a person of ordinary skill in the art "to increase thermal conductivity beyond levels previously achieved." *Id.* at 1025–26. This Court concluded that without more explanation, including citation to specific evidence supporting a motivation to combine finding, "[t]he Board has not provided a sufficiently focused identification of the relevant evidence or explanation of its inferences for [the Court] to confidently review its decision and avoid usurping its fact-finding authority." *Id.* at 1026.

In numerous other cases (including both those cited in Pictometry's opening brief and those relied upon by this Court in the cases cited in Nearmap's response brief), this Court has routinely held that conclusory statements about motivation to combine prior art references without underlying explanation or reasoning are inadequate. *See, e.g.*, *Van Os*, 844 F.3d at 1361–62 (holding that the Board's finding that it would have been intuitive to combine prior art was "a conclusory assertion with no explanation" that was "inadequate" to support a motivation to combine);

*Arendi S.A.R.L. v. Apple Inc.*, 832 F.3d 1355, 1362 (Fed. Cir. 2016) ("references to 'common sense'—whether to supply a motivation to combine or a missing limitation—cannot be used as a wholesale substitute for reasoned analysis and evidentiary support"); *Nuvasive*, 842 F.3d at 1384 (vacating the Board's decision because the Board "never actually made an explanation-supported finding" that a person of ordinary skill in the art would have been motivated to combine the prior art); *cf. Emerson Elec. Co. v. SIPCO, LLC*, 745 F. App'x 369, 372–73 (Fed. Cir. Aug. 29, 2018) (non-precedential) (finding that the Board's citation to portions of an expert declaration, the prior art reference, and the parties' briefing followed by two conclusory sentences "did not adequately explain and support its conclusion that Kahn would not have motivated one of ordinary skill in the art to combine the teachings of Kahn" with other prior art). Similarly inadequate is the Board's mere agreement with arguments made in the petitioner's brief without equivalent citation to relevant evidence. *Icon Health*, 849 F.3d at 1042–47. This consistent precedent calls for vacatur and remand here, where the Board did nothing more than recount each parties' positions and then concluded (without analysis) that a motivation to combine exists.

In response, Nearmap boldly states that "the Board made its reasoning for accepting Nearmap's proposed motivation *abundantly* clear" because (according to

Nearmap) "Nearmap's accuracy-improvement motivation is explicit in Florance." Nearmap's Br. 28 (emphasis added) (citing Appx9). But the cited page in the Decision is not analysis. It is just a summary of Nearmap's arguments.[1] *See* Appx9. As this Court has held, "it is not adequate to summarize and reject arguments without explaining why the [Board] accepts the prevailing argument." *Nuvasive*, 842 F.3d at 1383; *see Cutsforth, Inc. v. MotivePower, Inc.*, 636 F. App'x 575, 578 (Fed. Cir. 2016) (non-precedential) (vacating the Board's decision where the Board summarized the parties' arguments and rejected the arguments of one party but did "not explain why it accept[ed] the remaining arguments as its own analysis").[2]

The authorities cited by Nearmap do not hold that mere recitation of a parties' position can substitute for adequate analysis by the Board. In contrast to the present case, in each case relied upon by Nearmap, the Board explained its reasons for finding a motivation to combine (or lack thereof) in much more detail than exists on

[1] Even in summarizing Nearmap's position, the Board cited to the wrong evidence, a fact that Nearmap concedes. *See* Nearmap's Br. 29 n.3. Nearmap seemingly faults Pictometry for not calling out this error in its opening brief, but this misses the point. The fact that the Board did not even cite to the proper portions of Nearmap's Petition in summarizing arguments reinforces the Board's lack of clarity. But regardless of what portion of the Petition the Board cited, there is no explanation of the basis for finding a motivation to combine.

[2] To the extent Nearmap asserts that *Cutsforth* is not binding because it is a non-precedential opinion, Nearmap's Br. 32, *Nuvasive*—a precedential opinion—adopted and applied the same principle. 842 F.3d at 1383.

this record. *See, e.g.*, *Outdry Techs. Corp. v. Geox S.p.A.*, 859 F.3d 1364, 1369–70 (Fed. Cir. 2017) (finding the Board's explanation adequate where the Board "expressly adopted" the petitioner's rationale after reciting petitioner's arguments and incorporating petitioner's cited evidence); *Yeda Rsch. v. Mylan Pharms. Inc.*, 906 F.3d 1031, 1046–47 (Fed. Cir. 2018) (determining sufficient the Board's express analysis of two prior art references teaching "increased tolerability over 20 mg daily, including significantly less lipoatrophy, as showing that every other day dosing decreases injection-related side effects"); *PGS Geophysical AS v. Iancu*, 891 F.3d 1354, 1364–65 (Fed. Cir. 2018) (determining the Board's analysis on motivation to combine, which expressly discussed the teachings of the prior art references and adopted petitioner's arguments, to be adequate); *GUI Glob. Prods., Ltd. v. Samsung Elecs. Co.*, No. 2022-2156, 2024 WL 1564694, at *4–6 (Fed. Cir. Apr. 11, 2024) (non-precedential) (acknowledging that substantial evidence supported the Board's finding of a motivation to combine and later concluding summarily without analysis that the "Board gave a reasoned explanation for its finding").

For instance, in *Medtronic, Inc. v. Teleflex Innovations S.a.r.l.*, the Board summarized each parties' arguments, recognized that the arguments "made for a close case," and "went on to expressly identify the prevailing argument driving its decision, namely the strong objective evidence of nonobviousness." 70 F.4th 1331,

1344 (Fed. Cir. 2023). The Court found that, given the Board's express articulation of the basis of its decision, "the Board adequately explained the grounds for its decisions." *Id.* Moreover, in *Medtronic* (unlike the present case), the Board further expressly explained that it was rejecting the petitioner's proposed modifications because the modifications "would require several additional modifications absent from [the] petition, including at least one modification that the Board found 'may not have been possible in the relevant time period.'" *Id.*

Nearmap insists that the Board "further explained its reasoning" at Appx12–13 and cites to Florance paragraph 627. Nearmap's Br. 29. But that discussion does no such thing. There, the Board simply summarizes the parties' arguments and then disagrees with Pictometry's arguments. Appx12–13. The citation to Florance is part of the summary of Nearmap's arguments. Appx12. The Board does not explain what evidence it relies upon to support its conclusion that "Petitioner has articulated sufficient reasoning with rational underpinning to support its assertion that including Florance's movable markers in Kennedy's system would have been obvious to one skilled in the art." Appx13. And rejections of Pictometry's arguments are not an explanation of why the Board accepts one or more of Nearmap's arguments. *Nuvasive*, 842 F.3d at 1383; *Cutsforth*, 636 F. App'x at 578.

Nearmap asserts that "there was nothing novel—let alone non-obvious—about updating map locations to be more accurate at the time of the alleged invention in 2013" and that the Board's reasoning "merely applies *KSR*[]." Nearmap's Br. 31 (citing *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 417 (2007)). But the Court cannot "accept appellate counsel's *post hoc* rationalizations for agency action" or "supply a reasoned justification for an agency decision that the agency itself has not given." *Power Integrations, Inc. v. Lee*, 797 F.3d 1318, 1326 (Fed. Cir. 2015) (first quoting *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962); then citing *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983); and then citing *In re Gartside*, 203 F.3d 1305, 1314 (Fed. Cir. 2000)). And Nearmap *is* supplying reasons that the Board itself has not provided. Indeed, in trying to explain the Board's decision, Nearmap does not even cite to the same part of *KSR* (the only rationale provided by the Board for a motivation to combine) as the Board. *Compare*, Nearmap's Br. 31 (citing *KSR*, 550 U.S. at 417), *with* Appx13 (citing *KSR*, 550 U.S. at 418–19).

Nearmap also cites *Elekta Ltd. v. ZAP Surgical Systems, Inc.*, 81 F.4th 1368, 1376 (Fed. Cir. 2023) for the proposition that "even if certain aspects of the Board's rationale could be deemed implicit, the Board's reasoning is still sufficiently clear under the APA." Nearmap's Br. 32. But *Elekta* involves reasonable expectation of

success, which the Court distinguished from motivation to combine. 81 F. 4th at 1376. Specifically, the Court noted that "[u]nlike a motivation to combine determination, which ***requires an explicit analysis***, *KSR*, 550 U.S. at 418, a finding of reasonable expectation of success can be implicit, *see Merck & Cie v. Gnosis S.P.A.*, 808 F.3d 829, 836 (Fed. Cir. 2015)." *Id.* (emphasis added). Because this case involves motivation to combine, explicit analysis is expressly required.

Accordingly, Nearmap's response fails to point to a reasoned explanation by the Board supporting a motivation to combine. And indeed, no such explanation exists. This omission warrants vacatur of the Decision and remand for further explanation by the Board.

### B. The Board's inconsistent and inadequate analysis of the dependent claims further supports vacatur.

The Board's failure to explain the basis for finding a motivation to combine is amplified by the inconsistency between the Board's claim construction of independent claims 1 and 14, on one hand, and its discussion of dependent claims 3 and 16, on the other. *See* Opening Br. 27–32, 50–56. In addressing claim construction, the Board determined that the "providing visual access" step of claim 1 could *not* include "accessing" because dependent claim 3 (and correspondingly, claim 16) separately described a database-access step. Appx6 (FWD). As previously explained, it was wrong for the Board to draw this distinction. *See* Opening Br. 42–45.

Nonetheless, having distinguished the independent claims from the dependent claims based on a separate database-access step in the dependent claims, one would have expected the Board to address how those distinctions might impact the obviousness analysis.

Instead, in addressing obviousness, the Board treated independent claim 1 and **dependent claim 16** (containing the same database-access limitation as dependent claim 3) as synonymous, reasoning that "[i]n short, although claims 1 ***and 16*** recite two separate 'providing visual access' steps, ***they do not recite any database-access steps***." Appx10 (FWD) (emphasis added). This is wrong on its face. Claim 16 does recite a separate database-access step, the very step the Board previously cited to distinguish claim 1 for claim construction purposes. *See* Appx49, 15:11–20 ('880 patent, claim 16), Appx5–6 (FWD) (analyzing the same database-access limitation in claim 3). The Board then concluded that "Petitioner's proposed combination—Kennedy's Figure 35 vertical image, followed by Florance's marker movement and Kreft's confirmation, producing Kennedy's Figure 36 oblique image, *see* Pet. 17–18, 37 [Appx77–78, 97]—would provide both visual-access steps." Appx10 (FWD). It is not clear whether this finding applies to the "two separate 'providing visual access' steps" the Board found in the previous sentence to exist in both claims 1 and 16, to solely independent claims 1 and 14 but not the dependent claims, or to "two separate

'providing visual access' steps" that it perceived existed in both the independent and dependent claims. *See* Appx10 (FWD). Regardless, the Board's analysis fails to explain how, if claim 1 requires two visual access steps but no database-access step and dependent claims 3 and 16 *do* require the added database-access step (the conclusion reached in the Board's claim construction), the prior art renders the added limitation of the dependent claims obvious.

Instead, in addressing the purported obviousness of dependent claims 3 and 16, the Board only mentioned the claims in two instances. First, as noted above, the Board mistakenly characterized dependent claim 16 as failing to recite a separate database-access step and combines it into its discussion of claim 1. *See* Appx10–11 (FWD). Second, in a footnote, the Board summarily dismissed any requirement for the prior art to teach the dependent claims' separate limitation of "using . . . latitude and longitude coordinates to access imagery from the second imagery database" because "as explained above" (apparently citing to the textual discussion of claims 1 and 16, or maybe 14) "Petitioner's asserted combination and rationale adequately account for a second image retrieval step." Appx11 n.6. This falls far short of the required explanation as to how the prior art meets the limitations of the claimed invention, much less why one skilled in the art would have been motivated to

combine the prior art references to meet the added database-access step of the dependent claims 3 and 16. *See supra* Argument § I.A; Opening Br. 27–32, 50–56.

Nearmap claims that Pictometry failed to separately argue the "using . . . latitude and longitude coordinates" aspect of claims 3 and 16 to the Board below. Nearmap's Br. 51–52. On the contrary, Pictometry separately argued this aspect of claims 3 and 16 in its Patent Owner Response. Appx293–294 (PO Resp.). Pictometry explained that "claims 3 and 16 provide additional details regarding the second 'providing visual access' step," in particular "***using translated latitude and longitude coordinates*** of the final location." Appx293–294 (PO Resp.) (emphasis added). Pictometry then argued that

> because claims 3 and 16 recite additional details—***using latitude and longitude coordinates***—to access the oblique images as part of the "providing visual access" steps recited by independent claim elements [1.5] and [14.5], ***Petitioner's combination necessarily fails to disclose or suggest these additional details of the claimed second, later image retrieval step required by claims 3 and 16***.

Appx294 (PO Resp.) (emphasis added).

This case is unlike *In re Killian*, where the appellant had "allegedly" presented documents to the examiner and to the Board and did not "explain on appeal what specifically" the documents showed. 45 F.4th 1373, 1385–86 (Fed. Cir. 2022). Here, Pictometry explained that dependent claims 3 and 16 required an additional limitation, explained what the prior art taught, and argued that the prior

art was missing the additional limitation. Appx293–294 (PO Resp.). Pictometry thus sufficiently raised this argument to the Board below.

Nearmap avers that the Board cited to a part of Nearmap's Petition that addressed the additional limitation of claims 3 and 16 and additionally points to other parts of the record not cited by the Board as evidence showing that its asserted prior art teaches the additional limitations. Nearmap's Br. 52–53 (citing Appx68, Appx98–99, Appx955, 5:59–62, 6:32–45, Appx1109, Fig. 137, Appx1191, 2:2–6, 2:56–64, Appx1203, 25:39–26:6). As with the independent claims, Nearmap's attempts to provide explanations for the Board where none exist for the dependent claims are impermissible "*post hoc* rationalizations for agency action." *Power Integrations*, 797 F.3d at 1326.

While Nearmap would dismiss the Board's "errant reference" to claim 16 as "unambiguously typographical," Nearmap's Br. 47, 49, the inconsistencies in the Decision speak for themselves. Just as the Court was unable to assume the Board intended to address "field of view" instead of "point of view" in *Corephotonics, Ltd. v. Apple Inc.* despite a clear expectation that the Board must have intended "field of view," it would be improper here for the Court to presume the Board's intent. 84 F.4th 990, 1013 (Fed. Cir. 2023). And although Nearmap claims Pictometry failed to show how the Board's reference to claim 16 was prejudicial, Nearmap ignores the

pages of Pictometry's opening brief addressing that very issue. Opening Br. 30–32 (explaining that "the Board's reference to 'claims 1 and 16' is not a harmless error").

Accordingly, as to the dependent claims, the appropriate remedy is to vacate and remand the Decision for further clarification.

## II. The deficiencies in the Board's fact findings obstruct any substantial evidence review.

In its opening brief, Pictometry explained that, under a proper claim construction, substantial evidence does not support the Board's finding that the prior art discloses limitation [1.5][3]. Opening Br. 46–49. This finding cannot be separated from finding a motivation to combine the references. Indeed, in addressing Pictometry's construction, the Board expressly found that "***Petitioner's rationale for combining the references*** (i.e., improving accuracy, *see* Pet. 18–20 [Appx78–80]) explains why one skilled in the art would have retrieved Kennedy's two images in separate steps, separated by a user's confirmation." Appx10 (emphasis added). Nearmap similarly acknowledges that it is the *combination* of references that meets limitation [1.5]. Nearmap's Br. 37 ("[I]t is immaterial that Kennedy (or any individual reference) does not disclose two separate image retrieval steps. Nearmap's combination, which the Board credited, would have undertaken two

[3] Pictometry's arguments as to limitation [1.5] apply equally to limitation [14.5]. Opening Br. 11.

such steps"); *see, e.g.*, Appx363–364 (Pet. Reply) ("[A] POSITA would have understood that, in the Kennedy-led combination, 'after obtaining the vertical aerial image . . . and after the GPS coordinates for the geocoded address . . . are updated,' the computer system that results from the combination 'would use the updated coordinates to retrieve the oblique aerial image[]'" "'and present[] the one or more oblique aerial images'" (internal citations omitted)), Appx364 ("[I]t would have been within the knowledge of a POSITA to search the geographic database of Kennedy again using the geographic coordinates obtained according to the repositioned visual marker of Florance, and confirmed, using the teachings of Kreft." (emphasis omitted)).

Accordingly, this appeal does not turn on substantial evidence review because the Board failed to make the necessary fact findings to support a motivation to combine to allow such a review. If the Court agrees that the Board failed to articulate a sufficient reason to combine the references, the Board's finding that the combination of Kennedy, Florance, and Kreft discloses limitation [1.5] is also flawed such that substantial evidence review of limitation [1.5] would not apply. This is confirmed by *Nuvasive*.

In *Nuvasive*, the claim required "radiopaque markers" to be placed "proximate" to a medial plane. 842 F.3d at 1379. The Court addressed the

appellant's argument that the Board had not "adequately explained findings as to why a PHOSITA would have been motivated to combine the prior art references ***and place the radiopaque markers on the medial plane***." *Id.* at 1382 (emphasis added). The Court vacated the Board's decision because the Board "never actually made an explanation-supported finding" in addressing motivation to combine. *Id.* at 1384. The Court did not separately address whether substantial evidence supported the prior art's disclosure of the radiopaque markers being placed on the medial plane. *Id.* at 1384–85. Like in *Nuvasive*, here, the Board failed to adequately explain its motivation to combine. As such, the Court cannot adequately review whether substantial evidence supports the Board's finding that the combination of prior art references teaches limitation [1.5].

Even considering the Board's discussion of limitation [1.5], substantial evidence does not support the Board's Decision. *See* Appx9–11 (FWD). Tellingly, while Nearmap dedicates ample space in its brief to rearguing its positions below and characterizing it as substantial evidence, its citations are largely to its own petition and supporting evidence rather than reasoned analysis from the Board itself. *See* Nearmap's Br. 34–38. And where Nearmap does cite to the Board's Decision, it appropriately characterizes the Board as "citing the corresponding sections of

Nearmap's petition and reply" rather than providing actual analysis of the evidence upon which it purportedly relies to reach its conclusions. Nearmap's Br. 35.

Nearmap faults Pictometry for characterizing the issue as whether Kennedy discloses a second image access step. Nearmap's Br. 36. But this framing of the issue is proper because in Nearmap's proposed combination, Kennedy is the *only* reference cited for the image access steps. *See* Appx363–365 (Pet. Reply), Appx400–401 (PO Sur-Reply); Opening Br. 47; *see also* Appx955, 5:44–48, 6:21–32, 6:56–57 (Kennedy). Nearmap relies on Florance for repositioning an icon and Kreft for calculating new GPS coordinates for the repositioned icon. Appx363 (Pet. Reply), Appx76–78 (Pet.); Opening Br. 47. Because Nearmap does not rely on Florance or Kreft for retrieving images from a database, the correct issue is whether Kennedy discloses a second image access step. For the reasons previously discussed, Kennedy does not. Opening Br. 47–49.

Even considering the combination of Kennedy, Florance, and Kreft, the combination does not disclose a second image step. Nearmap relies on *Fleming v. Cirrus Design Corp.*, 28 F.4th 1214, 1222 (Fed. Cir. 2022) and *Bot M8 LLC v. Sony Interactive Entertainment LLC*, 66 F.4th 1380, 1386 (Fed. Cir. 2023) for the proposition that the proposed combination, rather than individual references, may disclose the disputed claim limitation. Nearmap's Br. 36–38. But in both *Fleming* and

*Bot M8*, the Court's determination that multiple references could satisfy a claim limitation depended on a prerequisite determination that substantial evidence supported a motivation to combine.

In *Fleming*, the Court determined that the "evidence amply supports the Board's finding that a person of ordinary skill would have been motivated to" modify the prior art, supporting the Court's determination that "it is sufficient that a person of ordinary skill in the art would have been motivated to combine the prior art in a way such that the combination discloses the claim limitations." 28 F.4th at 1222. Likewise, in *Bot M8*, the Court concluded that substantial evidence supported the Board's obviousness conclusion where "given [the expert's] explanation and the references themselves," it "would have been obvious to a person of ordinary skill in the art to combine the references to yield the claimed invention." 66 F.4th at 1386. In contrast, here, because the Board's motivation to combine analysis fails to provide a reasoned explanation under the APA and fails to cite any evidence, the Board's motivation to combine is not supported by substantial evidence. As a result, the Board's analysis of limitation [1.5] also fails.

Nearmap points to expert testimony as substantial evidence supporting a motivation to combine and satisfaction of a second image retrieval step. Nearmap's Br. 34–36 (citing Appx1722 ¶ 26, Appx827–828, Appx832–836, Appx829–831

¶¶ 38–41). But this expert testimony is "[u]ntethered to any supporting evidence" and is "inadequate to support" a factfinding regarding a motivation to combine. *TQ Delta, LLC v. CISCO Sys., Inc.*, 942 F.3d 1352, 1362 (Fed. Cir. 2019). Further, the expert's testimony is inconsistent with the teachings of Kennedy itself. Such inconsistent testimony should be disregarded. *Homeland Housewares, LLC v. Whirlpool Corp.*, 865 F.3d 1372, 1378 (Fed. Cir. 2017) ("[W]e must disregard the testimony of an expert that is plainly inconsistent with the record." (citation omitted)).

In his declaration supporting Nearmap's Petitioner's Reply, Nearmap's expert testified that "it would have been within the knowledge of a POSITA to search the geographic database of Kennedy again using the geographic coordinates obtained according to the repositioned visual marker of Florance, and confirmed, using the teachings of Kreft." Appx1723 ¶ 26 (emphasis omitted). Nearmap's expert cited to disclosures in Kennedy (but not Florance or Kreft). Appx1722–1724 ¶ 26 (citing Appx955, 5:36–50, 6:32–67, Appx965, 25:27–31[4], 25:64, 26:36–52, Appx934, FIGS. 1, Appx950–951, FIGS. 36–37 (Kennedy)). These disclosures in Kennedy, however, do not support the cited expert testimony. At best, Kennedy states that its

[4] Nearmap's expert cites to Kennedy at 35:27–31 (Appx1723 ¶ 26). Pictometry interprets this to mean Kennedy at 25:27–31, consistent with the declaration supporting Nearmap's Petition. Appx854 (citing Appx965, 25:27-31).

system can retrieve a plan view image and a perspective view image of a roof. Appx955, 6:63–67 ("[I]mage retrieval subsystem 110 is configured to receive a first image 153 comprising a plan view of the roof and a second image 154 comprising a perspective view of the roof."), Appx965, 26:44 –45 ("A model obtained using a top plan view is used on each perspective view to size the roof."). None of the cited portions of Kennedy support a second search of Kennedy's geographic database using geographic coordinates as modified by Florance and Kreft.

Nearmap's expert also cites to paragraphs 67–69 of his declaration submitted with Nearmap's Petition. Appx1723–1724 (citing Appx850–854 ¶¶ 67–69). But paragraphs 67–69 largely cite the same parts of Kennedy that fail to support a second image access step. Appx850–854 (citing Appx955, 5:36–50, 6:32–67, Appx965, 25:27–31, 25:64, 26:36–48, Appx934, FIG. 1, Appx949–951, FIGS. 35–37). Thus, the testimony at paragraphs 67–69 is similarly inconsistent with the teachings of Kennedy.

Nearmap also cites to paragraphs 35–41 of the expert declaration submitted with Nearmap's Petition. Nearmap's Br. 36 (citing Appx827–831). To the extent this testimony addresses the second image access limitation, it again relies on the same parts of Kennedy that fail to support a second image access step. Appx829–830

(citing Appx955, 5:37–26, 6:32–44, 15–48, Appx949–951, FIGS. 35–37).[5] Otherwise, it establishes that Nearmap relies on Florance for allowing a user to move an icon on the aerial image and Kreft for allowing users to update and confirm new geocoded addresses on a map. Appx827–831 ¶¶ 36–41, Appx832–836 ¶ 44–49. These added features from Florance and Kreft, however, are not evidence that renders obvious a second image retrieval step as required by limitation [1.5].

Accordingly, Nearmap's expert testimony fails to provide supporting evidence establishing that a skilled artisan would have been motivated to combine the references in the manner required by limitation [1.5] and is inconsistent with the teachings of Kennedy itself. *See TQ Delta*, 942 F.3d at 1362; *Homeland Housewares*, 865 F.3d at 1378.

Nearmap also relies on disclosures of Florance as substantial evidence supporting a motivation to combine and satisfaction of a second image retrieval step. Nearmap's Br. 35–36 (citing Appx1157–1158 ¶¶ 624–627). At best, Florance says that a user may re-position an icon over an aerial image to calculate new GPS positions, which "enables more accurate searching." Appx1157–1158 ¶¶ 624–627. But enabling more accurate searching does not support a second image retrieval step

[5] Nearmap's expert's citation to Kennedy includes two typos, "5:37–26" and "15–48." Appx830.

from a database as required by limitation [1.5]. It could, for example, provide for more accurate searching on existing images. Nothing about improved searching supports a second image retrieval step from a database. Thus, Florance's disclosures are not substantial evidence supporting a motivation to combine and satisfaction of a second image retrieval step.

Because the Board failed to articulate a motivation to combine the references, the Board's factual findings as to limitation [1.5] based on that motivation to combine are also flawed. Considering the inadequate record sufficient for appellate review, the Court cannot perform a proper substantial evidence review. Even if it could, substantial evidence does not support the Board's finding that the prior-art combination teaches limitation [1.5].

## III. The Board incorrectly construed "providing visual access."

The correct construction of "providing visual access to one or more oblique images of an aerial imagery database corresponding to location coordinates of the final location" (limitation [1.5])—as supported by the claim language, specification, and prosecution history of the '880 patent's parent—is "accessing an aerial imagery database to retrieve the one or more oblique images corresponding to location coordinates of the user-accepted final location and displaying the one or more

oblique images retrieved from the aerial imagery database." Claims 1 and 14 thus require two image retrieval steps based on the order of limitations [1.2] and [1.5].

### A. The claim language requires two image retrieval steps.

#### 1. The claims are ordinal and require two "providing visual access" steps.

Pictometry showed that the claims require a specific order, such that limitation [1.2]'s "providing visual access to an aerial image" occurs before limitation [1.5]'s "providing visual access to one or more oblique images." Opening Br. 34–37. Nearmap does not dispute this ordinal requirement on appeal. *See* Nearmap's Br. 42–43. Because "providing visual access" requires both access and visual depiction, *see infra* Argument § III.B., the order of the claims establishes that limitation [1.2] provides a first image access step and then limitation [1.5] provides a second image access step. Based on the order of the steps in the claim, limitation [1.5]'s visual access step must occur *after* limitation [1.2]'s visual access step and *after* the user has moved a visual marker and accepted a final location on the aerial image in limitations [1.3] and [1.4]. Opening Br. 34–37. The order of the claims—in view of the meaning of "providing visual access" from the specification—is directly relevant to the patentability of the claims. Under this construction, a scenario where "oblique images are obtained from the database at some earlier time," Nearmap's Br. 43, would not be encompassed by the claims.

### 2. Claim differentiation does not preclude "providing visual access" from including database access.

Claim differentiation is applicable "when there is a dispute over whether a limitation found in a dependent claim should be read into an independent claim, ***and that limitation is the only meaningful difference between the two claims***." *Wenger Mfg., Inc. v. Coating Mach. Sys., Inc.*, 239 F.3d 1225, 1233 (Fed. Cir. 2001) (emphasis added). In the IPR proceeding and on appeal, Nearmap oversimplifies the limitations in the dependent claims. Dependent claim 3[6] does not solely include a requirement to access imagery from a database, such that Pictometry's construction would render the language of dependent claim 3 superfluous. *See* Nearmap's Br. 40–41. Nor would all the limitations from claim 3 be contained in independent claim 1 or dependent claim 2 under Pictometry's construction. *See* Nearmap's Br. 41.

Limitation [1.5] recites "providing visual access to one or more oblique images of an aerial imagery database corresponding to location coordinates of the final location," which requires database access under Pictometry's construction. Dependent claim 2 includes an additional step, requiring that "location coordinates of said final location are translated to latitude and longitude coordinates." Appx48 (claim 2). But claim 2 does not specify *how* the latitude and longitude coordinates are

---

[6] Pictometry's arguments with respect to dependent claim 3 apply equally to dependent claim 16. Opening Br. 11.

used. Dependent claim 3, however, does: "***using said latitude and longitude coordinates*** to access imagery from the second imagery database." Appx48 (claim 3). Neither independent claim 1 nor dependent claim 2 requires "using said latitude and longitude coordinates" to access imagery from the second imagery database. Thus, under Pictometry's construction of limitation [1.5] including database access, the database-access language of dependent claim 3 would not be rendered superfluous. Nor is the database-access language of dependent claim 3 the only meaningful difference compared to independent claim 1. Thus, claim differentiation does not apply.

### B. The specification supports construing limitation [1.5] to require access and visual depiction.

Nearmap asserts that limitation [1.5] "says nothing about accessing a database or retrieving an image from a database." Nearmap's Br. 39 (emphasis omitted). That limitation [1.5] does not explicitly recite this language does not end the inquiry, as "claims 'must be read in view of the specification, of which they are a part.'" *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005) (quoting *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995)). Indeed, the specification "is always highly relevant to the claim construction analysis" and "is the single best guide to the meaning of a disputed term." *Id.* (quoting *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996)).

Nearmap contends that lexicography is not relevant in this case. Nearmap's Br. 40. Not so. The patentee acted as his own lexicographer by defining "visually depicting." Opening Br. 38 (citing Appx44, 5:13–14 ('880 patent)). The definition for "visually depicting" is synonymous with "displaying"—a fact that Nearmap does not dispute. Opening Br. 38; *see* Nearmap's Br. 44–45. The claims, however, do not recite this term. The patentee's use of lexicography to define the concept of "displaying" through the definition "visually depicting" and then choosing *not* to use that term in the claims indicates that the patentee did *not* intend for "visual access" to mean only "displaying."

Further, the sole use of the word "access" in the "Detailed Description" refers to something that is obtained or retrieved. Opening Br. 39 (citing Appx46, 10:63–67, Appx47, 11:1–3). Because "[c]laims must always be read in the light of the specification," *In re Fout*, 675 F.2d 297, 300 (C.C.P.A. 1982), the sole use of the word "access" in the "Detailed Description" is relevant to the meaning of "providing visual access." Nearmap does not dispute the meaning of "access" as used in the specification. *See generally* Nearmap's Br.

The specification's discussion of Figures 4A–4D also supports construing "providing visual access" to include access and visual depiction. Opening Br. 36–37. Nearmap dismisses these figures as "optional" "example[s]." Nearmap's Br. 44

(citing Appx42, 1:66–2:7, Appx46, 9:50–53, Appx46, 10:47–57). But the optional and exemplary aspects of Figures 4A–4D involve features *unrelated* to access and visual depiction. Appx42, 1:66–2:7 (stating that Figures 4A–4D relate to an "example of a computer screen shot"), Appx46, 9:50–54 (discussing the "optional feature" of "provid[ing] for user acceptance of the final location"), Appx46, 10:47–57 (discussing "optional" features related to latitude and longitude coordinates and the use of two separate imagery databases). That *other* features related to Figures 4A–4D may be optional or exemplary does not mean the access and visual depiction aspects are optional or exemplary.

Nearmap alleges that two of Pictometry's arguments are inconsistent with its positions before the Board: 1) that "providing visual access" by itself requires database access and image retrieval; and 2) that the invention requires using latitude and longitude coordinates to retrieve an image. Nearmap's Br. 41–42. Based on these alleged inconsistencies, Nearmap asserts that Pictometry waived or forfeited these arguments on appeal. Nearmap's Br. 42. There is no inconsistency here.

Pictometry's argument on appeal is that "providing visual access" means accessing an image and displaying the image. *See, e.g.*, Opening Br. 37–38 ("the term 'providing visual access' itself refers to both access and visual depiction"), 40 ("a skilled artisan would have understood the term 'providing visual access' to include

both accessing an image and visual depiction of the image."). Pictometry does *not* argue that "providing visual access" requires *database* access, which is consistent with its position before the Board. *Compare*, Opening Br. 37–38, 40, *with* Appx396. To the extent Pictometry contends any limitation does require database access, that applies only to limitation [1.5]. *See, e.g.*, Opening Br. 38 (referring to claim language from limitation [1.5] in stating that "[a] skilled artisan would have understood the term 'providing visual access' to mean 'accessing' (i.e., obtaining or retrieving) from the claimed aerial imagery database"). And in describing the invention's use of latitude and longitude coordinates, Pictometry's focus was on the order of steps. *See* Opening Br. 34–37. Pictometry did not suggest that the invention requires using latitude and longitude in its arguments directed to the order of the claim limitations. *See* Opening Br. 34–37. Nearmap's waiver and forfeiture arguments are, therefore, meritless.

Thus, the specification supports construing "providing visual access" to include both access and visual depiction of an image.

### C. The prosecution history of a related patent supports a construction including access and visual depiction.

"[T]he prosecution history can often inform the meaning of the claim language ***by demonstrating how the inventor understood the invention***." *Phillips*, 415 F.3d at 1317 (emphasis added). The statements in the prosecution history of the '880

patent's parent, U.S. Patent No. 8,401,222, indicate that the patentee understood the limitation "[p]roviding visual access to one or more images of an aerial imagery database" to mean providing access to images. Opening Br. 40–42. Even the statement from the prosecution history quoted by Nearmap supports this understanding: "Pershing fails to ***provide access to one or more images*** of an aerial imagery database corresponding to location coordinates of the final location." Nearmap's Br. 45 (quoting Appx2525 ('222 PH)) (emphasis added).

Nearmap's argument that the patentee did not distinguish from the prior-art reference Pershing based on *when* images were retrieved from the database, Nearmap's Br. 45, misses the point. The patentee's statements demonstrate that the patentee understood a nearly identical "providing visual access" limitation in the parent patent to include accessing images. This understanding, along with the undisputed requirement that the claim limitations occur in a particular order as discussed above, support construing limitation [1.5] to include accessing and displaying an image *after* the first "providing visual access" step in limitation [1.2]. *See supra* Argument § III.A.1.

* * *

Accordingly, the Court should construe the limitation "providing visual access to one or more oblique images of an aerial imagery database corresponding to

location coordinates of the final location" to mean "accessing an aerial imagery database to retrieve the one or more oblique images corresponding to location coordinates of the user-accepted final location and displaying the one or more oblique images retrieved from the aerial imagery database" and then remand for further proceedings under the correct construction. Under the correct construction, Nearmap's arguments regarding the prior art's disclosures under its proposed construction are irrelevant. Nearmap's Br. 34.

## CONCLUSION

For the reasons stated in Pictometry's opening brief as well as the clarifying points made above, Pictometry respectfully requests that this Court vacate the Board's Decision and remand for further findings by the Board consistent with the proper claim construction and in compliance with the APA. Pictometry requests such additional and further relief to which it should be entitled.

Dated: September 10, 2024

Respectfully Submitted,

**HAYNES AND BOONE, LLP**

*/s/ Debra J. McComas*
Debra J. McComas
2801 N. Harwood St., Suite 2300
Dallas, Texas 75201
Phone: (214) 651-5575
*Debbie.McComas@haynesboone.com*

Gregory P. Webb
6000 Headquarters Drive, Suite 200
Plano, TX 75024
Phone: (972) 739-8641
*Greg.Webb@haynesboone.com*

Jonathan R. Bowser
Adam L. Erickson
800 17th Street, NW, Suite 500
Washington, DC 20006
Phone: (202) 654-4503
*Jonathan.Bowser@haynesboone.com*
*Adam.Erickson@haynesboone.com*

Laura N. Vu*
1 Post Street, Suite 2800
San Francisco, CA 94104
Phone: (415) 293-8930
*Laura.Vu@haynesboone.com*

**Admitted only to practice in District of Columbia and Maryland. Application to the California Bar is pending.*

**Attorneys for Appellant**
**Pictometry International Corporation**

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. Cir. R. 32(b)(1) because:

- this brief contains **6,986** words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Fed. Cir. R. 32(b)(2).

2. This brief complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and 32(a)(6) because:

- this brief has been prepared in a proportionally spaced typeface using Word for Microsoft 365 in 14-point Equity A font.

*/s/ Debra J. McComas*
Debra J. McComas