NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PICTOMETRY INTERNATIONAL CORPORATION,**
*Appellant*

**v.**

**NEARMAP US, INC.,**
*Appellee*

---

2024-1290

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2022-00733.

---

Decided: October 27, 2025

---

LAURA VU, Haynes and Boone, LLP, San Francisco, CA, argued for appellant. Also represented by JONATHAN R. BOWSER, ADAM LLOYD ERICKSON, Washington, DC; DEBRA JANECE MCCOMAS, Dallas, TX; GREGORY P. WEBB, Plano, TX.

MEGAN FREELAND RAYMOND, Groombridge, Wu, Baughman & Stone LLP, Washington, DC, argued for appellee. Also represented by JON STEVEN BAUGHMAN; MICHAEL F. MILEA, New York, NY; BENJAMIN JOSEPH

CHRISTOFF, LAUREN ANN DEGNAN, CHRISTOPHER DRYER, WALTER KARL RENNER, Fish & Richardson PC, Washington, DC.

---

Before PROST, TARANTO, and STARK, *Circuit Judges*.

PROST, *Circuit Judge*.

Pictometry International Corp. ("Pictometry") appeals from a final written decision of the Patent Trial and Appeal Board ("Board") in an inter partes review ("IPR") of U.S. Patent No. 8,542,880 ("the '880 patent") determining all challenged claims unpatentable. For the reasons set forth below, we affirm.

BACKGROUND

The '880 patent is titled "System and Process for Roof Measurement Using Aerial Imagery." '880 patent Title (capitalization normalized). It relates to "determining attributes of a roof structure . . . of a real-world three-dimensional building" using a region's "aerial imagery . . . including the roof structure." *Id.* at col. 5 ll. 30–35. Claim 1 recites:

> 1. A process for determining attributes of a roof structure of a real-world three-dimensional building, comprising the acts of:
>
> providing at least one computer input field for a user to input first location data generally corresponding to the location of the building;
>
> *providing visual access to an aerial image of a region* including the roof structure of the building corresponding to said first location data, the aerial image taken from a straight down overhead view with respect to the roof structure;
>
> on the aerial image of the region, providing a visual marker that is moveable on a computer monitor

> around said region, said visual marker initially corresponding to said first location data, wherein said visual marker may be moved to a final location on top of the building to more precisely identify the location of the building roof structure, the final location having location coordinates;
>
> providing a computer input capable of signaling user-acceptance of the final location of said marker; and,
>
> *providing visual access to one or more oblique images of an aerial imagery database corresponding to location coordinates of the final location.*

*Id.* at claim 1 (emphasis added).

In 2022, Nearmap US, Inc. ("Nearmap") petitioned for IPR of claims 1–20 of the ’880 patent. The Board determined the challenged claims unpatentable as obvious over the combination of three references: U.S. Patent No. 8,417,061 ("Kennedy"), U.S. Patent Application Publication No. 2009/0132316 ("Florance"), and U.S. Patent No. 7,373,244 ("Kreft"). In reaching its decision, the Board rejected Pictometry's proposed construction of the limitation "providing visual access to one or more oblique images of an aerial imagery database corresponding to location coordinates of the final location" ("limitation [1.5]") of independent claims 1 and 14. J.A. 5–6. Pictometry's proposed construction of the limitation included accessing an aerial imagery database, but the Board determined that nothing in the plain meaning "requires accessing a database." J.A. 6. The Board nonetheless noted that the Kennedy-Florance-Kreft combination "is sufficient even under [Pictometry's] proposed construction." J.A. 10.

The Board also rejected Pictometry's criticism of Nearmap's motivation-to-combine rationale, concluding that: "Given [Nearmap's] accuracy-improvement rationale, [Nearmap] has articulated sufficient reasoning with

rational underpinning to support its assertion that including Florance's movable markers in Kennedy's system would have been obvious to one skilled in the art." J.A. 13. The Board thus determined claims 1–20 unpatentable as obvious over the Kennedy-Florance-Kreft combination.

Pictometry timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

We review the Board's decisions "under the standards provided in the Administrative Procedure Act ('APA'), 5 U.S.C. § 706." *Unwired Planet, LLC v. Google Inc.*, 841 F.3d 1376, 1379 (Fed. Cir. 2016). Under the APA, the Board's actions "are to be set aside if 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' or 'unsupported by substantial evidence.'" *Pride Mobility Prods. Corp. v. Permobil, Inc.*, 818 F.3d 1307, 1313 (Fed. Cir. 2016).

Obviousness is a question of law based on underlying findings of fact. *Novartis AG v. Torrent Pharms. Ltd.*, 853 F.3d 1316, 1327 (Fed. Cir. 2017). "[T]he subsidiary factual findings are reviewed for substantial evidence." *Id.* "Whether a skilled artisan would have been motivated to combine references or would have had a reasonable expectation of success in combining references are questions of fact reviewed for substantial evidence." *Elekta Ltd. v. ZAP Surgical Sys., Inc.*, 81 F.4th 1368, 1374 (Fed. Cir. 2023). "We review the Board's ultimate claim construction and any supporting determinations based on intrinsic evidence de novo." *Seabed Geosolutions (US) Inc. v. Magseis FF LLC*, 8 F.4th 1285, 1287 (Fed. Cir. 2021).

On appeal, Pictometry challenges the Board's determination that claims 1–20 are unpatentable, arguing that the Board's analysis of independent claims 1 and 14 (1) violated the APA by failing to provide adequate explanation for a motivation to combine Kennedy and Florance;

(2) contained inconsistent reasoning between the claim-construction and prior-art analyses; (3) incorrectly construed limitation [1.5]; and (4) was unsupported by substantial evidence that the Kennedy-Florance-Kreft combination discloses limitation [1.5] even under Pictometry's proposed construction. Pictometry also argues that the Board's analysis of dependent claims 3 and 16 violated the APA by failing to provide adequate explanation and contained inconsistencies between the claim-construction and prior-art analyses. We address each issue in turn.

I

We start with Pictometry's arguments regarding independent claims 1 and 14. First, we reject Pictometry's arguments that the Board failed to provide adequate explanation for a motivation to combine Kennedy and Florance. "The central inquiry is whether we can reasonably discern that the Board followed a proper path, even if that path is less than perfectly clear." *Medtronic, Inc. v. Teleflex Innovations S.a.r.l.*, 70 F.4th 1331, 1344 (Fed. Cir. 2023) (cleaned up). The Board's path here is reasonably discernible. The Board started by recounting Nearmap's motivation-to-combine rationale, citing to the petition and the petition's reference to Florance. J.A. 12. The Board then recounted Pictometry's arguments against Nearmap's rationale, citing to Pictometry's patent owner's response. J.A. 12–13. The Board next rejected Pictometry's criticism of Nearmap's rationale, providing its reasons for doing so. J.A. 13. The Board concluded that given Nearmap's "accuracy-improvement rationale," Nearmap had "articulated sufficient reasoning with rational underpinning" that combining Kennedy and Florance "would have been obvious to one skilled in the art." J.A. 13. Based on our review of the record, we reject Pictometry's assertion that the Board violated the APA by failing to provide adequate explanation.

Second, we disagree with Pictometry that the Board's analysis contained inconsistencies. Pictometry argues that

the Board stated in its claim-construction analysis that claim 3, which includes the same language as claim 16, recites a database-access step but stated in its prior-art analysis that claim 16 does not recite that step. *See, e.g.*, Appellant's Br. 27–29. Pictometry relies on the Board's statement from a section of its prior-art analysis: "although claims 1 and 16 recite two separate 'providing visual access' steps, they do not recite any database-access steps." J.A. 10. It is clear, however, that the Board's reference to claim 16 instead of 14 in that one instance was nothing other than a typographical error. The first sentence of that prior-art analysis section begins with "[i]ndependent claims 1 and 14 require" and lists the two "providing visual access" limitations of claims 1 and 14. J.A. 9–10. "[W]hile we may not supply a reasoned basis for the agency's action that the agency itself has not given . . . we will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *In re Applied Materials, Inc.*, 692 F.3d 1289, 1294 (Fed. Cir. 2012) (quoting *Bowman Transp., Inc. v. Arkansas–Best Freight Sys., Inc.,* 419 U.S. 281, 285–86 (1974)). The Board's path here is reasonably discernible despite the typographical error. We thus reject Pictometry's arguments to the contrary.

Third, substantial evidence supports the Board's finding that the Kennedy-Florance-Kreft combination would have rendered obvious limitation [1.5] even under Pictometry's proposed construction.[1] Pictometry argues that no substantial evidence supports the Board's finding under Pictometry's proposed construction because the Kennedy-Florance-Kreft combination does not disclose a second database-access step. *See* Appellant's Br. 46–49. We disagree. The Board found that the "combination is sufficient

---

[1] Given our ruling, we need not address Pictometry's argument that the Board incorrectly construed limitation [1.5].

even under [Pictometry's] proposed construction," citing to the corresponding portion of Nearmap's reply. *See* J.A. 10 (citing J.A. 363–65). That portion of the reply cited the petition, the prior art references, and expert testimony explaining that one skilled in the art would have known and would have been motivated to perform a second database-access step. *See* J.A. 364–65 (citing J.A. 1722–24 ¶ 26). The Board also noted that Nearmap's improving-accuracy rationale for combining the references "explains why one skilled in the art would have retrieved Kennedy's two images in separate steps, separated by a user's confirmation." J.A. 10. Accordingly, substantial evidence supports the Board's finding.

II

We next turn to Pictometry's arguments regarding dependent claims 3 and 16. Pictometry argues that (1) the Board failed to adequately explain why the Kennedy-Florance-Kreft combination discloses the limitations; and (2) the Board's reasoning contained inconsistencies between the claim-construction and prior-art analyses. First, we disagree with Pictometry that the Board failed to adequately explain its prior-art analysis of claims 3 and 16. Pictometry argues that the Board's analysis came down to a single sentence and failed to address the limitation: "using . . . latitude and longitude coordinates to access imagery from the second imagery database." *See* Appellant's Br. 51–52. We disagree. Although the Board addressed its analysis of claims 3 and 16 in a footnote, the Board recounted Pictometry's non-obviousness arguments regarding a second database-access step, rejected those arguments, and referred to its analysis of claims 1 and 14 that accounted for a second database-access step. J.A. 11 n.6. Further, in its prior-art analysis section that addressed the database-access steps, the Board cited to a portion of the petition, J.A. 11 (citing J.A. 87–88), that referenced Kennedy's disclosure of using latitude and longitude coordinates to access the database, J.A. 87–88

(citing J.A. 955 at col. 5 ll. 36–59, col. 6 ll. 32–44). The Board's path is indeed reasonably discernible. "While the Board's decision could have been more detailed, 'we do not require perfect explanations.'" *Medtronic*, 70 F.4th at 1344 (quoting *In re Nuvasive, Inc.*, 842 F.3d 1376, 1382 (Fed. Cir. 2016)). Pictometry's argument is therefore rejected.

Second, we disagree with Pictometry regarding inconsistencies between the Board's claim-construction and prior-art analyses of claims 3 and 16. Pictometry argues that the Board's claim-construction analysis differentiated dependent claims 3 and 16 from independent claims 1 and 14, but its prior-art analysis lumped the dependent claims with the independent claims. *See* Appellant's Br. 53. Pictometry's argument lacks merit. The Board's claim-construction analysis rejected Pictometry's proposed construction for claims 1 and 14 but recognized that claim 3, and thus claim 16, "expressly recite[] the database-access step [Pictometry] seeks to add to claim 1." J.A. 6. In its prior-art analysis of claims 1 and 14, the Board found that the Kennedy-Florance-Kreft combination nonetheless renders obvious the second database-access step under Pictometry's proposed construction. J.A. 10. As a result, in its prior-art analysis of claims 3 and 16, and consistent with its claim-construction analysis that claim 3 expressly recites the database-access step, the Board referred to its analysis for claims 1 and 14 that the Kennedy-Florance-Kreft combination renders obvious a second database-access step. J.A. 11 n.6. We thus reject Pictometry's argument.

## CONCLUSION

We have considered Pictometry's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**